UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

February 21, 2012

MEMO TO COUNSEL RE: S4H Hospitality v. Vasudev Patel
Civil No. JFM-11-3343

Dear Counsel:

On November 18, 2011, the Clerk of the Court entered a judgment by confession against defendants Vasudev Patel and Nilesh Patel. The Patel's have now filed a motion to vacate, open or modify the confessed judgment and to stay this case. The motion will be granted.

The Guaranties entered into between plaintiff and defendants provided that "[a]t the option of Lender, this Guarantee may be enforced in any federal court or in Pennsylvania State Court [in the case of Nilesh, in Delaware State court] sitting in Pennsylvania [Delaware]; and Guarantor consents to the jurisdiction and venue of any such court and waives any argument that venue in such forums is not convenient." Plaintiff argues that this provision authorizes the entry of a consent judgment in this court.

Plaintiff is wrong. In order for the language of the Guaranties to make sense a confessed judgment may be entered against a Guarantor only in a federal court "sitting in Pennsylvania [or in Delaware]." This is so because self-evidently Pennsylvania and Delaware State courts sit in their respective states. Therefore, the limiting phrase "sitting in Pennsylvania [Delaware]" can only be read as applying to the word "federal court" appearing the Guaranties. Because this court sits neither in Pennsylvania nor Delaware, it has no jurisdiction to enter confessed judgments against defendants.

The Borrower whose loan was guaranteed by defendants, Swami Shree, LLC has filed Chapter 11 proceedings in this district. It has also submitted a confirmation Plan in these proceedings. The Plan has not yet been confirmed but calls for full payment of the loan in question. The Plan's overall financial viability is supported by a capital call on the Guarantors in the amount of $350,000. Under these circumstances, whether or not this action must be automatically stayed under 11 U.S.C. §362(a)(1), resolution of the Bankruptcy Court's ruling on the proposed confirmation Plan obviously might have a direct impact upon the claims asserted by plaintiff in this action. Accordingly, the stay requested by defendants will be granted.

A separate order effecting the rulings made in this memorandum is being entered herewith.

Very truly yours,

/s/

J. Frederick Motz
United States District Judge